UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT NOCK, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>SPRING ENERGY RRH, LLC d/b/a SPRING POWER & GAS and RRH ENERGY SERVICES LLC d/b/a RICHMOND ROAD HOLDINGS, LLC, Delaware limited liability companies,<br><br>       Defendants. | Case No.: 23-1042 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

  Defendants Spring Energy RRH, LLC ("Spring Energy") and RRH Energy Services LLC ("RRH Energy")(collectively, "Defendants") file their Answer and Affirmative Defenses to the Original Class Action Complaint for Damages and Injunctive Relief Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (ECF No. 1) (the "Complaint") of Plaintiff, Robert Nock, individually and on behalf of all others similarly situated, and states as follows:

  1. Defendants admit that Plaintiff is attempting to assert claims that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"). However, Defendants deny engaging in the activities referenced in paragraph 1 of the Complaint, deny that Plaintiff can state any viable cause of action against Defendants, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff is entitled to recover any relief from Defendants.

  2. Defendants admit that Plaintiff seeks an injunction and other equitable relief, and an award of statutory damages, and costs and reasonable attorneys' fees, to the members of the

proposed classes. However, Defendants deny that Plaintiff can state any viable cause of action against Defendants, and deny that Plaintiff is entitled to recover any relief from Defendants.

## PARTIES

3. Defendants are without knowledge as to, and therefore deny, the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Spring Energy is a limited liability company organized under the laws of the State of Delaware, and does business as "Spring Power & Gas." Defendants deny that Spring Energy's principal place of business is located at 111 East 14th Street, Suite 105, New York, NY 10003. Defendants admit that Spring Energy is an energy services company that operates in several states, including New Jersey and Maryland. The allegation that Spring Energy and Kiwi Energy NY LLC d/b/a Kiwi Energy ("Kiwi Energy") are affiliate companies calls for a legal conclusion and is denied. Kiwi Energy NY LLC d/b/a Kiwi Energy is licensed to provide energy services in the State of New York. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 4 of the Complaint.

5. Defendants admit that RRH Energy Services LLC is a Delaware limited liability company. Defendants deny that RRH Energy's principal place of business is located at 111 East 14th Street, Suite 105, New York, NY 10003. Defendants deny that RRH Energy does business as "Richmond Road Holdings, LLC." Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny all allegations and inferences in paragraph 6 of the Complaint and deny that they violated any federal law.

7. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences contained in paragraph 7 of the Complaint.

8. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences contained in paragraph 8 of the Complaint.

## COMMON ALLEGATIONS

9. This paragraph does not contain any factual allegation and requires no response. However, to the extent a response is required, the case law cited in paragraph 9 speaks for itself. Except as expressly stated Defendants deny all remaining allegations and inferences in paragraph 9 of the Complaint.

10. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and *Mims* speak for themselves, and Defendants respectfully refers the Court to the TCPA and accompanying case law for their contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 10 of the Complaint.

11. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and the accompanying regulations speak for themselves, and Defendants respectfully refers the Court to the TCPA and the regulations for their contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 11 of the Complaint.

12. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA speaks for itself, and Defendants

respectfully refers the Court to the TCPA for its contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 12 of the Complaint.

13. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and the regulations promulgated thereunder speak for themselves, and Defendants respectfully refers the Court to the TCPA and the regulations for their contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 13 of the Complaint.

14. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA, the regulations promulgated thereunder, and the case law cited by Plaintiff in this paragraph speak for themselves, and Defendants respectfully refers the Court to the TCPA, the regulations, and the case law for their contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 14 of the Complaint.

15. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and any statements of legislative intent speak for themselves, and Defendants respectfully refers the Court to the TCPA for its contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 15 of the Complaint.

16. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and any congressional testimony speak for themselves, and Defendants respectfully refers the Court to the TCPA for its contents and interpretation. Further, Defendants deny any allegation that Defendants violated the TCPA, and

deny that Plaintiff is entitled to recover any relief from Defendants. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 16 of the Complaint.

## DEFENDANTS' BUSINESS

17. Defendants admit that Spring Energy is licensed to and provides retail electricity and natural gas services in New Jersey, Maryland, and Pennsylvania. Defendants admit that Kiwi Energy is licensed to and provides retail electricity and natural gas services in New York and Ohio. Defendants deny all other allegations, inferences, and legal conclusions contained in paragraph 17.

18. Defendants deny the allegations and inferences contained in paragraph 18 of the Complaint.

19. This paragraph contains legal conclusions to which no response is required. However, Defendants deny the allegations and inferences contained in paragraph 19 of the Complaint.

## DEFENDANT'S ILLEGAL TELEMARKETING CALLS

20. Defendants deny the allegations and inferences contained in paragraph 21 of the Complaint.

21. Defendants admit that Spring Energy has, at times, utilized telemarketing services, but expressly deny engaging in the activities described in paragraph 21 of the Complaint. Except as expressly stated herein, Defendants deny the allegations and inferences contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations and inferences contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations and inferences contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations and inferences contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations and inferences contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations and inferences contained in paragraph 26 of the Complaint.

27. This paragraph contains legal conclusions to which no response is required. However, Defendants deny the allegations and inferences contained in paragraph 27 of the Complaint.

28. This paragraph contains legal conclusions to which no response is required. However, Defendants deny the allegations and inferences contained in paragraph 28 of the Complaint.

29. This paragraph contains legal conclusions to which no response is required. However, the case law cited by Plaintiff speaks for itself, and Defendants otherwise deny the allegations and inferences contained in paragraph 29 of the Complaint.

30. Defendants acknowledge that Plaintiff attempts to plead alternative theories of liability. However, Defendants deny that Plaintiff can state any viable cause of action against Defendants, deny any allegation that Defendants /violated the TCPA, and deny that Plaintiff is entitled to recover any relief from Defendants.

**PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

31. Defendants are without knowledge as to, and therefore deny, the allegations and inferences in paragraph 31 of the Complaint.

32. Defendants deny the allegations and inferences contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations and inferences contained in paragraph 33 of the Complaint.

34. Defendants are without knowledge as to, and therefore deny, the allegations and inferences in paragraph 34 of the Complaint concerning Plaintiff's residential telephone numbers. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 34 of the Complaint.

35. Defendants deny the allegations and inferences contained in paragraph 35 of the Complaint, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff is entitled to recover any relief from Defendants.

## CLASS CERTIFICATION ALLEGATIONS

36. Defendants admit that Plaintiff is attempting to assert a nationwide class for alleged violations of the TCPA. However, Defendants deny that Plaintiff can state any viable cause of action against Defendants, deny any allegation that Defendants violated the TCPA, deny the appropriateness of a class, deny that Plaintiff meets the requirements for certification of any class, and deny that Plaintiff is entitled to recover any relief from Defendants. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 36 of the Complaint.

37. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiff's claims can meet the numerosity requirement for the certification of any class. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 37 of the Complaint.

38. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiff can meet the "commonality" element for class certification. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 38 of the Complaint.

39. This paragraph contains legal conclusions to which no response is required. However, Defendants admit that Plaintiff will attempt to establish "predominance" by asserting the allegations contained in paragraph 39 of the Complaint. Defendants deny that Plaintiff can show that common questions of law and fact predominate over questions affecting only individual members of the proposed class. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 39 of the Complaint.

40. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences in paragraph 40 of the Complaint.

41. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences in paragraph 41 of the Complaint.

42. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences in paragraph 42 of the Complaint.

43. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences in paragraph 43 of the Complaint.

44. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations and inferences in paragraph 44 of the Complaint.

### **FIRST CAUSE OF ACTION**

45. Defendants incorporate by reference their responses to all of the prior allegations in the Complaint.

46. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants are without knowledge as to, and therefore deny the allegations and inferences in paragraph 46 of the Complaint.

47. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA speaks for itself, and Defendants respectfully refers the Court to the TCPA for its contents and interpretation.

48. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the cited regulation speaks for itself, and Defendants respectfully refers the Court to the regulation for its contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 48 of the Complaint.

49. Defendants deny all allegations and inferences in paragraph 49 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

50. Defendants deny all allegations and inferences in paragraph 50 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

51. Defendants deny all allegations and inferences in paragraph 51 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

52. Defendants admit that Plaintiff is attempting to assert claims that Defendants violated the TCPA. However, Defendants deny that Plaintiff or others can state any viable cause of action against Defendants, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff or others are entitled to recover any relief from Defendants.

### SECOND CAUSE OF ACTION

53. Defendants incorporate by reference their responses to all of the prior allegations in the Complaint.

54. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA and the FCC regulation promulgated thereunder speaks for themselves, and Defendants respectfully refers the Court to the TCPA and the regulation for its contents and interpretation. Except as expressly stated, Defendants deny all remaining allegations and inferences in paragraph 54 of the Complaint.

55. Defendants deny all allegations and inferences in paragraph 55 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

56. Defendants deny all allegations and inferences in paragraph 56 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

57. Defendants deny all allegations and inferences in paragraph 57 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

58. Defendants deny all allegations and inferences in paragraph 58 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

59. Defendants admit that Plaintiff is attempting to assert claims that Defendants violated the TCPA. However, Defendants deny that Plaintiff or others can state any viable cause

of action against Defendants, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff or others are entitled to recover any relief from Defendants.

### THIRD CLAIM FOR RELIEF

60. Defendants incorporate by reference their responses to all of the prior allegations in the Complaint. Defendants admit that Plaintiff attempts to bring a claim on behalf of himself and the members of a so-called "Pre-Recorded Call Class." However, Defendants deny that Plaintiff can establish the elements to certify such a class, deny that Plaintiff can state any viable cause of action against Defendants, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff or others are entitled to recover any relief from Defendants.

61. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA speaks for itself, and Defendants respectfully refers the Court to the TCPA for its contents and interpretation.

62. This paragraph contains legal conclusions to which no response is required. However, to the extent a response is required, the TCPA speaks for itself, and Defendants respectfully refers the Court to the TCPA for its contents and interpretation.

63. Defendants deny all allegations and inferences in the paragraph identified as paragraph 47 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

64. Defendants deny all allegations and inferences in the paragraph identified as paragraph 48 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

65. Defendants deny all allegations and inferences in the paragraph identified as paragraph 49 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

66. Defendants deny all allegations and inferences in the paragraph identified as paragraph 50 of the Complaint and deny that Plaintiff or others are entitled to any recovery from Defendants.

67. Defendants admit that Plaintiff is attempting to assert claims that Defendants violated the TCPA in the paragraph identified as paragraph 51. However, Defendants deny that Plaintiff can state any viable cause of action against Defendants, deny any allegation that Defendants violated the TCPA, and deny that Plaintiff is entitled to recover any relief from Defendants.

## PRAYER FOR RELIEF

Except as expressly stated above, Defendants deny all other allegations and inferences in the Complaint. Defendants that Plaintiff or any others are entitled to recover any relief from Defendants, including, but not limited to, the relief sought in subparagraphs (a) through (e) under the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As and for Defendants' First Affirmative Defense, Plaintiff lacks standing to maintain this action against Defendants as no calls were made to the telephone numbers referenced in the Complaint by or on behalf of Defendants.,

**Second Affirmative Defense**

As and for Defendants' Second Affirmative Defense, this Court lacks subject matter to adjudicate this action, including because Plaintiff lacks standing to maintain this action against Defendants.

**Third Affirmative Defense**

As and for Defendants' Third Affirmative Defense, the claims in the Complaint fail to state a cause of action because any alleged calls to Plaintiff or the subject telephone number were legally permitted and not subject to any prohibition and/or exempt from any prohibition from such calls.

**Fourth Affirmative Defense**

As and for Defendants' Fourth Affirmative Defense, the claims in the Complaint fail to state a cause of action as Plaintiff provided consent to be contacted by or on behalf of Defendant(s).

**Fifth Affirmative Defense**

As and for Defendants' Fifth Affirmative Defense, Plaintiff lacks standing as there has been no concrete injury suffered for which relief can be granted.

**Sixth Affirmative Defense**

As and for Defendants' Sixth Affirmative Defense, Plaintiff's claims against Defendants are barred because any alleged damages suffered by Plaintiff resulted from the acts or omissions of other parties not under the control of Defendants, and because any actions conducted by such other parties were done without Defendants' knowledge or authorization and were outside of the scope of any agreements between Defendants and any other parties.

**Seventh Affirmative Defense**

As and for Defendants' Seventh Affirmative Defense, Plaintiff's claims are barred because his own conduct caused or contributed to his alleged damages.

### Eighth Affirmative Defense

As and for Defendants' Eighth Affirmative Defense, Plaintiff's claims are barred by estoppel.

### Ninth Affirmative Defense

As and for Defendants' Ninth Affirmative Defense, Plaintiff's claims are barred by laches.

### Tenth Affirmative Defense

As and for Defendants' Tenth Affirmative Defense, Plaintiff's claims are barred by ratification.

### Eleventh Affirmative Defense

As and for Defendants' Eleventh Affirmative Defense, Plaintiff's claims are barred by waiver.

### Twelfth Affirmative Defense

As and for Defendants' Twelfth Affirmative Defense, Plaintiff's claims are barred by the doctrine of unclean hands.

### Thirteenth Affirmative Defense

As and for Defendants' Thirteenth Affirmative Defense, Defendants are entitled to a set-off to the extent that Plaintiff has or will receive recovery from any other Defendant or third-party for the claims raised herein.

### Fourteenth Affirmative Defense

As and for Defendants' Fourteenth Affirmative Defense, Plaintiff's claims against Defendants are barred because Plaintiff failed to mitigate any alleged damages.

### Fifteenth Affirmative Defense

As and for Defendants' Fifteenth Affirmative Defense, the claims in the Complaint are barred as they are the result of the result of barratry and/or champerty.

### Sixteenth Affirmative Defense

As and for Defendants' Sixteenth Affirmative Defense, the TCPA is unconstitutional.

### Seventeenth Affirmative Defense

As and for Defendants' Seventeenth Affirmative Defense, this matter is not appropriate for class certification because common questions of law and fact do not predominate over questions affecting only individual members of the proposed class.

### Eighteenth Affirmative Defense

As and for Defendants' Eighteenth Affirmative Defense, this matter is not appropriate for class certification because the proposed class members cannot be ascertained in an efficient manner, and any identification of potential class members would defeat the efficiency purposes of a class action.

### Nineteenth Affirmative Defense

As and for Defendants' Nineteenth Affirmative Defense, this matter is not appropriate for class certification because Plaintiff's claims are not typical of the claims of members of the proposed class.

### Twentieth Affirmative Defense

As and for Defendants' Twentieth Affirmative Defense, this matter is not appropriate for class certification because Plaintiff's claims do not meet the numerosity requirement for the certification of any class.

**Twenty-First Affirmative Defense**

As and for Defendants' Twenty-First Affirmative Defense, this matter is not appropriate for class certification and Plaintiff cannot adequately represent any class.

**Additional Affirmative Defenses**

Defendants reserves the right to assert additional affirmative defenses in accordance with applicable law as they become known or as changes in the law occur.

WHEREFORE, Defendants Spring Energy RRH, LLC and RRH Energy Services LLC, respectfully requests that the Court: (i) enter final judgment dismissing all claims asserted by Plaintiff against Defendants Spring Energy RRH, LLC and RRH Energy Services LLC in the Complaint; (ii) enter an award of costs incurred in this action in favor of Defendants Spring Energy RRH, LLC and RRH Energy Services LLC, and, (iii) enter such other and further relief as the Court deems just and proper.

Dated: April 6, 2023
      Albany, New York

Respectfully Submitted,

**HARRIS BEACH PLLC**

*/s/ Elliot A. Hallak*
Elliot A. Hallak, Esq.
677 Broadway, Suite 1101
Albany, New York 12207
T: 518.701.2748
F: 518.427.0235
ehallak@harrisbeach.com

*Attorneys for Defendants Spring Energy RRH, LLC and RRH Energy Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record of pro se parties identified on the attached Service List in the manner specified, whether via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Dated: April 6, 2023
      Albany, New York

Respectfully Submitted,

**HARRIS BEACH PLLC**

*/s/ Elliot A. Hallak*
Elliot A. Hallak, Esq.
677 Broadway, Suite 1101
Albany, New York 12207
T: 518.701.2748
F: 518.427.0235
ehallak@harrisbeach.com

*Attorneys for Defendants Spring Energy RRH, LLC and RRH Energy Services LLC*