# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT NOCK, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SPRING ENERGY RRH, LLC d/b/a SPRING POWER & GAS, RRH ENERGY SERVICES LLC d/b/a RICHMOND ROAD HOLDINGS, LLC, and RICHMOND ROAD HOLDINGS, LLC, Delaware limited liability companies,<br><br>      Defendants. | Case No.: 1:23-cv-01042-JHR<br><br>District Judge: Jennifer H. Rearden<br><br>**THIRD-PARTY COMPLAINT AGAINST ENDURANCE SALES & MARKETING, LLC** |
| SPRING ENERGY RRH, LLC d/b/a SPRING POWER & GAS, RRH ENERGY SERVICES LLC d/b/a RICHMOND ROAD HOLDINGS, LLC, and RICHMOND ROAD HOLDINGS, LLC,<br><br>      Third-Party Plaintiffs,<br><br>v.<br><br>ENDURANCE SALES & MARKETING, LLC,<br><br>      Third-Party Defendant. | |

  Defendants/Third-Party Plaintiffs, Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy"); RRH Energy Services, LLC ("RRH"); and Richmond Road Holdings, LLC ("Richmond Road Holdings" and collectively with Spring Energy and RRH, "Third-Party Plaintiffs") by and through their attorneys, Harris Beach, PLLC, and pursuant to Federal Rule of Civil Procedure 14, file this Third-Party Complaint against Third-Party Defendant, Endurance Sales & Marketing, LLC ("Endurance" or "Third-Party Defendant"), and state as follows:

1

## NATURE OF CLAIMS

1.  The Third-Party Plaintiffs assert claims against Endurance for breach of contract, contractual indemnification, common law indemnification, and contribution relative to the Master Service Agreement ("Master Service Agreement") between Spring Energy and Endurance and the allegations raised by Plaintiff, Robert Nock ("Plaintiff") in the "First Amended Class Action Complaint for Damages and Injunctive Relief Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*" (ECF No. 18) (the "Complaint").

## THE PARTIES

2.  At all relevant times hereto, Spring Energy is a Delaware limited liability company with its principal place of business in Brooklyn, Kings County, New York.

3.  At all relevant times hereto, RRH is a Delaware limited liability company with its principal place of business in Brooklyn, Kings County, New York.

4.  At all relevant times hereto, Richmond Road Holdings is a Delaware limited liability company with its principal place of business in Brooklyn, Kings County, New York.

5.  At all relevant times hereto, upon information and belief, Endurance is a Wyoming limited liability company with a principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction as this matter arises out of alleged violations of federal law, as Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

7.  Venue is proper in the United States District Court for the Southern District of New York based upon the express terms of the Master Service Agreement. Specifically, pursuant to

section 25 of the Master Service Agreement, Spring Energy and Endurance agreed to "submit to personal jurisdiction and exclusive venue in state and federal courts in New York County, New York as the case may be. [Spring Energy and Endurance] hereby irrevocably waive any objection that it may now or hereafter have to the venue of any suit, action or proceeding arising out of or related to the [Master Service] Agreement that is brought in such courts and also hereby irrevocably waives any claim that any such suit, action or proceeding brought in any one of the above-described courts has been brought in an inconvenient forum."

## RELEVANT FACTUAL ALLEGATIONS

8. On or about January 6, 2021, Spring Energy and Endurance entered into the Master Service Agreement, to assist in obtaining customers to enroll with Spring Energy.

9. Under Exhibit A, Sections 1.02 and 1.07, of the Master Service Agreement, Spring Energy limited the scope of Endurance's marketing methods for Spring Energy to "door-to-door" marketing, which is defined as "when [Endurance] and its . . . [p]ersonnel markets [Spring Energy's] products going door-to-door as that term may be defined in any applicable state law, rule, tariff, guideline, or regulation."

10. The Master Service Agreement does not authorize Endurance to engage in telemarketing or, in fact, to call consumers on the Third-Party Plaintiffs' behalf for any reason.

11. Under Section 2 of the Master Service Agreement, Endurance was required to adhere to all federal, state, and local laws, ordinances, and regulations in connection with the services it provided under the Master Service Agreement.

12. Section 3 of the Master Service Agreement states:

> Vendor shall not engage any other party or subcontractor to perform services under this Agreement without the prior express written authorization of Buyer. Prior to any other party or subcontractor being engaged and authorized to perform any services under this Agreement, the other party or subcontractor shall be required to

3

provide such information or documentation as deemed necessary by Buyer to ensure that the other party or subcontractor will adhere to all Laws and Fundamental Laws. Prior to any other party or subcontractor being engaged and authorized to perform any services under this Agreement, the other party or subcontractor shall be required to provide a written acknowledgement that they understand and agree to be bound by all applicable terms of this Agreement and all applicable Laws and Fundamental Laws.

13. According to the Complaint, a call was allegedly made by Spring Energy and/or one of Spring Energy's vendors to Plaintiff's two (2) residential telephone numbers using an artificial or prerecorded message without Plaintiff's express consent to be contacted by an artificial or prerecorded message on his residential telephones.

14. The Complaint alleges that Spring Energy and/or one of Spring Energy's vendors made calls to other individuals' telephone numbers using an artificial or prerecorded message, without obtaining their prior express written consent.

15. The Third-Party Plaintiffs did not make any call(s) to Plaintiff's or any other person's telephone number using an artificial or prerecorded message.

16. The Third-Party Plaintiffs never authorized Endurance to contact the Plaintiff's or any other person's cellular phone without prior express consent, and had no knowledge regarding any use of an automated or prerecorded message by Endurance.

17. In discovery, Plaintiff has produced recorded telephone calls (the "Recorded Calls"), in certain of which the caller purports to be making the call on behalf of "Spring Power".

18. Upon information and belief, the Recorded Calls are the sole documentary basis for Plaintiff's claims in this action.

19. Upon information and belief, the Recorded Calls were made by Endurance or the sales agents hired by Endurance.

20. On several of the Recorded Calls, the callers state or use the names of Endurance agents assigned to perform door-to-door marketing pursuant to the Master Service Agreement.

21. The Third-Party Plaintiffs utilize GPS tracking as part of its quality assurance program to ensure that costumer enrollments as a result of door-to-door marketing are performed face-to-face and not over the telephone or by other digital means.

22. After a customer has agreed to enroll, the Third-Party Plaintiffs also uses a third-party verification process, whereby the door-to-door agent is supposed to conduct a "warm transfer" to a third-party verification company representative, who then confirms with the customer, *inter alia*, that they met in person with the door-to-door representative and agreed to the terms of the enrollment.

23. Based upon the Recorded Calls, Plaintiffs have alleged that Endurance and/or its sales agents attempted to circumvent this process by calling consumers and instructing them to lie to the third-party verification representative and state that they met with the door-to-door representative in person.

24. The Third-Party Plaintiffs did not condone or authorize any such conduct by Endurance or its sales agents, none of which was authorized in the Master Service Agreement.

25. Indeed, Spring Energy instructed Endurance to cease performing any services on or about May 11, 2021, after it had been operating for only approximately six weeks.

26. After May 11, 2021, Endurance did no further work for Spring Energy.

27. Spring Energy then formally terminated its contract with Endurance by letter on November 15, 2021.

28. Section 14 of the Master Service Agreement states:

> Each Party hereto will indemnify, defend and hold harmless the other Party, all such indemnified Party's related persons and entities, and all of their owners,

5

officers, directors, partners, shareholders, members, managers, employees, agents, successors and assigns, from and against all claims by or for losses, damages, liability or expense, if any, of any description (including, but not limited to, reasonable attorney's fees, and costs), owed to any third party, entity, or other person (including one of the indemnifying Party's employees or in the case of Vendor, its Vendor Personnel) arising out of any injury to the indemnifying Party or the indemnifying Party's employees or in the case of Vendor, its Vendor Personnel, the negligence or mistake of the indemnifying Party or the indemnifying Party's employees or in the case of Vendor, its Vendor Personnel, the indemnifying Party's performance of its obligations pursuant to this Agreement, the indemnifying Party's or the indemnifying Party's employees' or in the case of Vendor, its Vendor Personnel's breach of any provision of this Agreement, or otherwise. The Party receiving indemnity will notify the other Party of any such claim, action or proceeding within five (5) business days of receipt of any such claim, action, or proceeding, and the indemnifying Party will promptly undertake the defense thereof. The indemnifying Party shall provide written confirmation that it will undertake the defense of any such claim, action, or proceeding within three (3) business days of notification from the indemnified Party. The indemnified Party shall be entitled to take all actions necessary to protect its rights while it is awaiting confirmation that the indemnifying Party will be undertaking its defense, and shall be reimbursed all expenses (including, but not limited to, reasonable attorney's fees, and costs) in connection therewith. The indemnified Party shall have the right to select counsel of its own choosing (subject to any limitations of the indemnifying Party's insurance carrier) to defend any claim, action, or proceeding, which shall be paid for by the indemnifying Party. Additionally, the indemnified Party may, at its election, and at its sole cost and expense, participate in the defense thereof. The indemnified Party will not compromise or settle any such claim without the prior written consent of the indemnifying Party. In the event that the indemnifying Party fails or refuses to timely comply with its obligations under this paragraph, the indemnified Party may take all actions necessary to protect its rights and shall be entitled to reimbursement of all expenses (including, but not limited to, reasonable attorney's fees, and costs) in connection therewith.

29.     Despite written demand by the Third-Party Plaintiffs, Endurance has failed and refused to comply with its obligations under the Master Service Agreement to indemnify, defend, and hold harmless the Third-Party Plaintiffs relative to the claims raised in this action.

30.     Under Section 16.1 of the Master Service Agreement, Endurance has been and is required to maintain a commercial general liability insurance with limits of at least five million dollars ($5,000,000.00) for each occurrence, with Spring Energy as an Additional Insured, providing coverage for claims arising from Endurance's activities under the Master Service

6

Agreement as well as "coverage for any telemarketing activities." commercial general liability insurance with limits of at least five million dollars ($5,000,000.00) for each occurrence

31. The Third-Party Plaintiffs have requested information and copies of any insurance obtained by Endurance as required under the Master Service Agreement.

32. Upon information and belief, Endurance did not maintain insurance of the type or level required under the Master Service Agreement.

33. All conditions precedent to the institution of this action have either occurred, been performed, or have otherwise been waived.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

34. The Third-Party Plaintiffs repeats and realleges all prior paragraphs of this Third-Party Complaint as if set out in full herein.

35. The Master Service Agreement is a valid and binding agreement between Spring Energy and Endurance.

36. Pursuant to Exhibit A, Sections 1.02 and 1.07, of the Master Service Agreement, Endurance agreed that its marketing methods would be limited to "door-to-door" marketing, which is defined as "when [Endurance] and its . . . [p]ersonnel markets [Spring Energy's] products going door-to-door as that term may be defined in any applicable state law, rule, tariff, guideline, or regulation."

37. The Master Service Agreement does not authorize Endurance to engage in telemarketing or make any calls to consumers on behalf of the Third-Party Plaintiffs.

38. Pursuant to Section 2 of the Master Service Agreement the Master Service Agreement, Endurance agreed that all of the services it or any of its employees performed pursuant

7

to the Master Service Agreement would adhere to all federal, state, and local laws, ordinances, rules, and regulations.

39. According to Plaintiff, Endurance and/or its sales agents made calls to Plaintiff's and other individuals' telephone numbers without obtaining their prior express written consent in violation of the TCPA.

40. If it is determined that Endurance made calls to telephone numbers in violation of the TCPA as alleged by Plaintiff and in the Complaint, then Endurance did so without Third-Party Plaintiffs' authorization and breached the Master Service Agreement.

41. Pursuant to section 14 of the Master Service Agreement, Endurance is required to indemnify, defend, and hold harmless the Third-Party Plaintiffs as a result of Endurance's performance under the Master Service Agreement or breach of any provision of the Master Service Agreement.

42. The Third-Party Plaintiffs have provided notification to Endurance of this action and requested that Endurance undertake the defense of Plaintiff's claims against the Third-Party Plaintiffs in this action.

43. Endurance has breached the Master Service Agreement by failing and refusing to comply with its obligations under the Master Services Agreement to indemnify, defend, and hold harmless the Third-Party Plaintiffs relative to the claims raised in this action, and including by failing to undertake the defense of the Third-Party Plaintiffs in this action.

44. Under section 16 of the Master Service Agreement, Endurance has been and is required to maintain a commercial general liability insurance with limits of at least five million dollars ($5,000,000.00) for each occurrence, with Spring Energy as an Additional Insured,

providing coverage for claims arising from Endurance's activities under the Master Service Agreement as well as "coverage for any telemarketing activities.".

45. Upon information and belief, Endurance did not maintain insurance of the type or level required under the Master Service Agreement.

46. The Third-Party Plaintiffs have been damaged by Endurance's breaches of the Master Service Agreement, including but not limited to, any liability it may incur in this matter, any attorney's fees and costs it may incur in this matter, and, upon information and belief, damages based upon Endurance's failure to maintain the insurance as required under the Master Service Agreement.

## SECOND CAUSE OF ACTION
**(Contractual Indemnity)**

47. The Third-Party Plaintiffs repeats and realleges all prior paragraphs of this Third-Party Complaint as if set out in full herein.

48. Pursuant to Section 14 of the Master Service Agreement, Endurance is required to indemnify, defend, and hold harmless the Third-Party Plaintiffs as a result of Endurance's performance under the Master Service Agreement or breach of any provision of the Master Service Agreement.

49. The indemnification obligations under the Master Service Agreement also cover Spring Energy's related entities, which include Richmond Road and RRH.

50. Plaintiff has asserted claims against the Third-Party Plaintiffs based upon calls allegedly made by Endurance to Plaintiff's and other individuals' telephone numbers without obtaining their prior express written consent in violation of the TCPA.

51. The Third-Party Plaintiffs have provided notification to Endurance of this action and requested that Endurance undertake the defense of Plaintiff's claims against the Third-Party Plaintiffs in this action.

52. Endurance has breached the Master Service Agreement by failing and refusing to comply with its obligations under the Master Services Agreement to indemnify, defend, and hold harmless the Third-Party Plaintiffs relative to the claims raised in this action.

## THIRD CAUSE OF ACTION
(Common Law Indemnity)

53. The Third-Party Plaintiffs repeats and realleges all prior paragraphs of this Third-Party Complaint as if set out in full herein.

54. Pursuant to Section 2 of the Master Service Agreement of the Master Service Agreement, Endurance owed a duty to Spring Energy to adhere to all federal, state, and local laws, ordinances, and regulations in connection with the services it provided under the Master Service Agreement.

55. Plaintiff has asserted claims against the Third-Party Plaintiffs based upon calls allegedly made by Endurance to Plaintiff's and other individuals' telephone numbers, without obtaining their prior express written consent in violation of the TCPA.

56. The Third-Party Plaintiffs are without fault regarding the allegations raised by Plaintiff in the Complaint.

57. In the event that the Third-Party Plaintiffs are liable to Plaintiff or the putative class for any claims raised in the Complaint, any such liability arises from the acts of Endurance and any liability of the Third-Party Plaintiffs shall derive solely and vicariously from the acts of Endurance.

58. As such, the Third-Party Plaintiffs are entitled to common law indemnification from Endurance for any liability that may be rendered against the Third-Party Plaintiffs, together with those attorney's fees and expenses.

## FOURTH CAUSE OF ACTION
### (Contribution)

59. Third-Party Plaintiffs repeats and realleges all prior paragraphs of this Third-Party Complaint as if set out in full herein.

60. In the event that Plaintiff or the putative class are entitled to any recovery or damages in this matter, such recovery and damages were sustained primarily as a result of Endurance's conduct.

61. In the event that Plaintiff or the putative class are entitled to recover any amounts from the Third-Party Plaintiffs, Endurance should be required to compensate the Third-Party Plaintiffs to the extent that Endurance's conduct caused any amounts which Plaintiff or the putative class are entitled to recover from the Third-Party Plaintiffs.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Defendants/Third-Party Plaintiffs, Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy"); RRH Energy Services, LLC ("RRH"); and Richmond Road Holdings, LLC ("Richmond Road Holdings" and collectively with Spring Energy and RRH, "Third-Party Plaintiffs"), respectfully requests that the Court: (i) enter final judgment in favor of Third-Party Plaintiffs and against Plaintiff on all claims in the Complaint; (ii) enter final judgment in favor of Third-Party Plaintiffs and against Endurance on all claims in the Third-Party Complaint; (iii) enter an award of attorney's fees and costs incurred in this action in favor of Third-Party Plaintiffs; and, (iv) enter such other and further relief as the Court deems just and proper.

11

Dated: January 18, 2024
     Albany, New York                      Respectfully Submitted,

                                                **HARRIS BEACH PLLC**

                                                */s/    Elliot A. Hallak*_____
                                                Elliot A. Hallak, Esq.
                                                Daniel R. LeCours, Esq.
                                                677 Broadway, Suite 1101
                                                Albany, New York 12207
                                                T: 518.701.2748
                                                F: 518.427.0235
                                                ehallak@harrisbeach.com
                                                dlecours@harrisbeach.com

                                                *Attorneys for Defendants*