**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT NOCK, *an individual, on behalf of himself and all others similarly situated*, | * |
| | * |
| *Plaintiff*, | |
| | * |
| v. | Civil Action No. RDB-25-2809 |
| | * |
| SPRING ENERGY RRH, LLC, d/b/a Spring Power & Gas, RRH ENERGY SERVICES, LLC, and RICHMOND ROAD HOLDINGS, LLC, | * |
| | * |
| | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This putative consumer-protection class action concerns unsolicited spam telemarketing calls allegedly made by or on behalf of Defendant energy companies, Spring Energy RRH, LLC, d/b/a Spring Power & Gas, RRH Energy Services, LLC, and Richmond Road Holdings, LLC (collectively, the "Spring Energy Defendants"). Plaintiff and putative class representative Robert Nock alleges that the Spring Energy Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and corresponding Maryland law, Md. Code Ann., Com. Law §§ 14-301 to 14-302 (West 2025). Now pending is Nock's Motion to Consolidate this case with *Nock v. PalmCo Administration, LLC, et al.* (RDB-24-662) (hereinafter, "*Indra Energy*") under Federal Rule of Civil Procedure 42(a).[1] (ECF No. 250.) This

---

[1] Nock cross-filed a similar motion to consolidate in *Indra Energy*. *See* (RDB-24-662 ECF No. 107.)

1

Court's jurisdiction lies in 28 U.S.C. § 1331 and § 1367.[2] The Court has reviewed the parties' submissions. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, this Court DENIES Nock's Motion to Consolidate (ECF No. 250).[3]

## BACKGROUND

As this Court has previously noted, "[t]he core factual allegation" in this case and in *Indra Energy* relates to deceptive telemarking calls. *Savada v. RRH Energy Servs., LLC*, --- F. Supp. 3d ---, ---, RDB-25-1156, 2025 WL 3018773, at *2 (D. Md. Oct. 29, 2025). In each case, Nock, a Maryland citizen, alleges that the defendants, energy companies licensed to do business in Maryland, contracted to have a call center in Pakistan conduct telemarketing campaigns on behalf of each set of defendants. (RDB-24-662 ECF No. 119 at 3–4.) He claims that each set of defendants used the same call center within one week of each other in 2021. (*Id.* at 3.) Specifically, Nock alleges that the Spring Energy Defendants hired said call center for a period of March 29, 2021, to May 11, 2021, while the *Indra Energy* defendants hired the same center from May 17, 2021, to June 13, 2021. (*Id.* at 3–4.) In each case, Nock alleges that he and the other putative class members received unsolicited and deceptive telemarketing calls in violation of the TCPA and corresponding Maryland law. *Savada*, 2025 WL 3018773, at *2. All the necessary background remaining is procedural.

---

[2] This Court has federal question jurisdiction under 28 U.S.C. § 1331 for Nock's TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (citing *Am. Well Works Co v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). The Court exercises its supplemental jurisdiction over Nock's Maryland law claims, which "are so related" to the TCPA claims that "they form part of the same case or controversy." 28 U.S.C. § 1367.

[3] Unless otherwise noted, parenthetical citations to the docket in this Opinion are citations to filings in this case, RDB-25-2809. Where the Court cites to a docket entry in *Indra Energy*, the docket citation includes that case number, RDB-24-662.

I. **Procedural History**

This case has concerned, at different times, three essentially identical cases: (1) this case (2) *Nock v. PalmCo Administration, LLC* (RDB-24-662); and (3) *Savada v. RRH Energy Services, LLC* (RDB-25-1156).

a. **This Case (RDB-25-2809)**

On February 8, 2023, Nock sued the Spring Energy Defendants, a family of energy companies licensed to do business in Maryland, alleging violations of the TCPA and its Maryland counterpart. Nock originally brought his claims in the United States District Court for the Southern District of New York. (ECF No. 1.) Fact discovery closed in this case on November 15, 2024, twenty-one months after filing. (ECF No. 264 at 2.) On February 5, 2025, almost exactly two years after Nock sued, the Spring Energy Defendants moved for summary judgment. (ECF No. 219.) That Motion has been fully briefed since May 7, 2025. (ECF No. 245.) The parties await this Court's decision.

b. *Indra Energy* **(RDB-24-662)**

On March 5, 2024, more than a year after Nock filed this suit, he filed in this Court a parallel case against the *Indra Energy* defendants, a different set of energy companies licensed to do business in Maryland. *See generally* (RDB-24-662 ECF No. 1). Again, he alleged violations of the TCPA and corresponding Maryland law. (*Id.*) Since that case began in March 2024, more than a year and a half ago, the parties have litigated multiple discovery motions and a motion to dismiss.[4] On June 10, 2024, after the *Indra Energy* defendants filed their motion to

---

[4] *See, e.g.*, (RDB-24-662 ECF No. 20 (*Indra Energy* defendants' Motion to Dismiss); RDB-24-662 ECF No. 54 (*Indra Energy* defendants' Motion to Bifurcate Discovery)).

3

dismiss (RDB-24-662 ECF No. 20), Nock filed an amended complaint, *see* (RDB-24-662 ECF No. 28), which all three *Indra Energy* defendants answered. *See* (RDB-24-662 ECF Nos. 31, 32). On January 15, 2025, Magistrate Judge Coulson issued a Memorandum Opinion and Order denying the *Indra Energy* defendants' motion to bifurcate discovery. (RDB-24-662 ECF No. 75.) On February 24, 2025, this Court denied the *Indra Energy* defendants' motion to dismiss as mooted by their answers to the amended complaint. (RDB-24-662 ECF No. 76.) As such, since February 25, 2025, the parties have been engaged in discovery. (RDB-24-662 ECF No. 77.) Most recently, on August 6, 2025, Judge Coulson issued a Paperless Order instructing the parties that he would defer ruling on their most recent discovery disputes until after this Court ruled on consolidation. (RDB-24-662 ECF No. 131.)

c. *Savada* **(RDB-25-1156)**

If this procedural history sounds familiar, it is because on October 29, 2025, this Court dismissed a third, related case under the first-to-file rule. *See Savada*, 2025 WL 3018773, at *1. There, on April 7, 2025, the plaintiff and putative class representative, Elias Savada, sued *all* of the Spring Energy Defendants, plus certain corporate officers and a parent company, in addition to *all* of the *Indra Energy* defendants. *Id.* Savada was represented in that case by the same attorney that represents Nock in this case and in *Indra Energy*. *Id.* at *4. Additionally, Savada qualifies as an unnamed member of the putative plaintiff class in both this case and *Indra Energy*. *Id.* Savada filed suit two months after the Spring Energy Defendants moved for summary judgment in this case. *Id.* at *2. In fact, Nock and Savada's attorney "expressly acknowledge[d] bringing [the *Savada* case] in response to the [Spring Energy Defendants'] summary judgment motion." *Nock v. Spring Energy RRH, LLC*, 23-CV-1042, 2025 WL

4

2046196, at *2 (S.D.N.Y. July 22, 2025) (citing (RDB-25-2809 ECF No. 250-2 ¶¶ 5–7)). The *Savada* defendants moved for dismissal under the first-to-file rule on June 20, 2025. *Savada*, 2025 WL 3018773, at *1. As this Court noted in its dismissal, his suit was "simply duplicative of" this case and *Indra Energy* as he had alleged the same violations of the same two laws. *Id.*

### d. Nock's Motion to Transfer and Consolidate (ECF No. 250) and Parallel Motion to Consolidate (RDB-24-662 ECF No. 107)

On May 9, 2025, just two days after Defendants in this case filed their Reply to their Motion for Summary Judgment (ECF No. 245), Nock filed a Motion to Consolidate *Savada*, *Indra Energy*, and this case. *See* (ECF No. 250; cross-filed in *Indra Energy* at RDB-24-662 ECF No. 107). At the time, this case was still pending in the Southern District of New York. *Indra Energy* had been pending for more than a year, with the parties there engaged in discovery after this Court denied a motion to dismiss. (RDB-24-662 ECF No. 78.) *Savada* had been filed only one month prior.

Given that this case was pending in another federal court, Nock styled his Motion as a motion to transfer the case to this Court and, once transferred, to be consolidated with *Savada* and *Indra Energy*. (ECF No. 250 at 7.) He briefed the merits of both transfer and consolidation. *See generally* (*id.*).[5] On July 22, 2025, Judge Lehrburger issued a Decision and Order transferring this case to this Court. *See Nock*, 2025 WL 2046196, at *1; (ECF No. 264). As noted above, on October 29, 2025, this Court dismissed *Savada* under the first-to-file rule. *See Savada*, 2025 WL 3018773, at *1. Therefore, this Court reviews Nock's Motion to Consolidate (ECF No. 250) as seeking consolidation solely of this case and *Indra Energy*. This matter is ripe for review.

---

[5] Counsel for the *Indra Energy* defendants, though not parties to this case, wrote a letter to Judge Lehrburger opposing consolidation. (ECF No. 259.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 42(a) governs the consolidation of cases. It provides: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The United States Court of Appeals for the Fourth Circuit has explained that:

> The critical question for the district court in the final analysis [is] whether the specific risks of prejudice and possible confusion [a]re overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982), *rev'd on other grounds*, 712 F.2d 899 (4th Cir. 1983) (en banc) (citing Fed. R. Civ. P. 42(a); 9A Wright & Miller's Federal Practice & Procedure § 2383); *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (applying the *Arnold* factors). This Court treats the *Arnold* analysis as containing three main factors: (1) whether the cases share common questions of law and fact such that consolidation *would* be possible under Rule 42(a); (2) whether consolidation would further judicial economy and convenience; and (3) whether consolidation would prejudice the parties. *See, e.,g,, Laughlin v. Biomet Inc.*, ELH-14-1645, 2020 WL 1307397, at *6–9 (D. Md. Mar. 18, 2020); *Harris v. Biomet Orthopedics, LLC*, ELH-18-3924, 2019 WL 6117358, at *6–9 (D. Md. Nov. 18, 2019); *CSX Transp., Inc. v. Alban Waste, LLC*, JKB-13-1770, 2014 WL 1340041, at *2 (Apr. 2, 2014). As the Supreme Court of the United States recently stated, "[d]istrict courts enjoy substantial

discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citing 9A Wright & Miller's Federal Practice & Procedure § 2383).

## ANALYSIS

Nock moves to consolidate this case (RDB-25-2809) with *Indra Energy* (RDB-24-662). This Court applies the three-factor consolidation analysis, beginning with whether the cases share common questions of law and fact such that Rule 42(a), read strictly, would allow consolidation. *See Laughlin*, 2020 WL 1307397, at *6–7. These cases arguably share common questions of law and fact: each case alleges that the relevant defendants hired the same call center in Pakistan to conduct a telemarketing campaign on their behalf. (RDB-24-662 ECF No. 116 at 3–4.) Each case further alleges that the relevant telemarketing campaign resulted in Nock and others in the putative plaintiff class to receive deceptive, unsolicited calls in violation of the TCPA and its Maryland corollary. (RDB-24-662 ECF No. 107 at 2 (setting out the allegations in each case).) Additionally, though each set of defendants is a family of energy companies licensed to do business in Maryland, it is undisputed that Defendants in this case are distinct from those in *Indra Energy*. *See* (RDB-24-662 ECF No. 116 at 12).

As relevant here, the *Indra Energy* defendants argue that there are not common questions of fact and law permitting consolidation because the alleged telemarketing campaigns did not overlap in time and the companies are distinct. (*Id.*) Nock contends that these are same questions of fact and law because, he alleges, the two sets of defendants "used the same call center a few days apart." (RDB-24-662 ECF No. 119 at 3.) Specifically, he contends that the Spring Energy Defendants used a call center to conduct a telemarketing campaign from March 29, 2021, to May 11, 2021, and that the *Indra Energy* defendants used

7

the same call center from May 17, 2021, to June 13, 2021. (*Id.* at 3–4.) The Court need not decide whether Rule 42(a) would permit consolidation, however, because, in any event, aggregating these two cases would run very much afoul of the spirit of Rule 42(a). That Rule seeks to further fairness to parties and judicial economy. *See Campbell*, 882 F.3d at 76 (explaining the purposes of Rule 42(a)). Neither of those goals would be advanced here.

This Court regularly denies consolidation when cases are at quite different stages of litigation. *See Miranda v. Homefix Custom Remodeling Corp.*, TDC-22-3190, 2023 WL 5959828, at *3 (D. Md. Sept. 13, 2023); *CSX Transp.*, 2014 WL 1340041, at *2. In *Miranda*, Judge Chuang of this Court considered a motion to consolidate two cases involving very similar facts to these. *Miranda*, 2023 WL 5959828, at *1. There, two separate plaintiffs filed putative class actions under the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (2025), alleging that the same defendant, Homefix Custom Remodeling Corporation, was making unsolicited telemarketing calls to the plaintiffs. *Id.* The plaintiffs sought consolidation. *Id.* at *3. The Court found that consolidation was inappropriate because discovery in one case had progressed significantly while in the other it had yet to begin. *Id.* Judge Chuang explained that consolidating the cases would increase the chance of delay in both, but especially the case that had progressed further. *Id.* Likewise, in *CSX Transportation*, Judge Bredar of this Court declined to consolidate cases when one case was close to the end of discovery and, in the other, the suit had not yet been served on all the defendants. 2014 WL 1340041, at *2.

The same reasoning applies here. These cases are many months, if not years, apart in their progress. In this case, the parties had concluded fact discovery by November 15, 2024

8

(ECF No. 264 at 2). The Spring Energy Defendants moved for summary judgment on February 5, 2025 (ECF No. 219), and that Motion has been fully briefed since May 7, 2025 (ECF No. 245). In *Indra Energy*, by contrast, the parties are still in discovery, with discovery disputes currently pending in front of Judge Coulson.[6] Finishing discovery in that case could take the better part of a year, if not longer. By the time the *Indra Energy* defendants move for and fully brief summary judgment, which they have indicated an intent to do, *see* (RDB-24-662 ECF No. 116 at 3), a full year or more might pass. If the Court consolidates these cases, that could result in the Spring Energy Defendants waiting another year or more for a decision on summary judgment. Considering that they have already waited seven months for such a decision, consolidation would mean unnecessary delay and cost to these Defendants. *See Miranda*, 2023 WL 5959828, at *3 (quoting Fed. R. Civ. P. 42(a)(3)).

Though Nock, the plaintiff in each of these two cases, would willingly bear the burden of any possible delay resulting from consolidation, such a delay would be fair to neither the Defendants here nor the *Indra Energy* defendants. Likewise, consolidation would not further judicial economy but only cause delay and unnecessary cost. In sum, Nock's Motion to Consolidate (ECF No. 250) must fail because it is inconsistent with Rule 42(a)'s purposes of judicial efficiency and fairness.

---

[6] Indeed, Judge Coulson, the Magistrate Judge to whom *Indra Energy* is referred for discovery, entered an Order on August 6, 2025, notifying the parties that he would "defer any discovery rulings until [this motion to consolidate] is resolved." (RDB-24-662 ECF No. 131.)

## CONCLUSION

For the reasons stated above, the Court DENIES Nock's Motion to Consolidate (ECF No. 250).

A separate Order follows.

Date: December 17, 2025                                /s/
                                                                Richard D. Bennett
                                                                United States Senior District Judge